Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50275 | **DATE** | 7/24/2012 |
| **CASE TITLE** | HSBC Bank USA, NA vs. HAGY, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiff is entitled to summary judgment. See separate Judgment of Foreclosure.

*Philip G. Reinhard*

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT - OPINION

Plaintiff, HSBC Bank USA, N.A., as trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the registered holders of Ace Securities Corp. Home Equity Loan Trust Series 2006-HE3, Asset Backed Pass-Through Certificates, brings this action to foreclose a mortgage against defendants, James M. Hagy, Trina M. Hagy and Blackhawk State Bank. Plaintiff is a national banking association with its principal place of business in Virginia. The Hagys are citizens of Wisconsin. Blackhawk State Bank is a Wisconsin corporation with its principal place of business in Wisconsin. The amount in controversy exceeds $75,000. Jurisdiction is proper under 28 U.S.C. § 1332 (a) (1).

Blackhawk State Bank has not appeared or answered. The Hagys filed an answer. Plaintiff now moves for summary judgment. Plaintiff served the Hagys with the Notice to Pro Se Litigant Opposing Motion for Summary Judgment in accordance with Local Rule 56.2 when it filed its motion on 2/17/2012. The court advised the Hagys in an order entered 3/19/2012 that their response to plaintiff's motion for summary judgment must comply with Local Rule 56.1. The Hagys did not file a response. On 4/19/2012, the court ordered plaintiff to file an amended LR56.1 statement and gave the Hagys until 5/11/2012 to file a response. The response they filed on 5/10/2012 failed to comply with LR56.1 in that it does not offer a concise response to each numbered paragraph of plaintiff's LR56.1 statement of facts, a supporting memorandum of law in opposition to summary judgment, or any evidence. Accordingly, the facts in plaintiff's LR56.1 statement of facts are taken as true.

On or about 3/17/2006, the Hagys executed a note in favor of First NLC Financial Services, LLC ("First NLC") at 9.89 percent interest. The Hagys agreed to pay taxes, insurance and other escrow items and to make monthly payments on the first of each month in the amount of $803.38. The note was endorsed in blank by First NLC and is in the possession of plaintiff. The note is secured by a mortgage on the certain real estate described in the separate judgment of foreclosure. On or about 9/7/2011, First NLC assigned the mortgage to plaintiff. The Hagys failed to make payments due for principal, interest, taxes, insurance, and any other escrow items from 6/1/2011 through the present. A principal balance of $99,503.09 remains outstanding as of 12/1/2011, with interest accruing on the unpaid balance at the per diem rate of $23.39, plus attorneys fees, costs, late charges, advances and expenses resulting in a total outstanding balance of $113,088.35. Plaintiff has incurred attorneys fees and costs (not included in the above amount) in the sum of $1,763.50. Blackhawk State Bank was previously paid off and is owed nothing. It is named solely to clear title because the release of its mortgage on the subject premises was not recorded.

Based on the foregoing, plaintiff is entitled to summary judgment. See separate judgment of foreclosure.